EXHIBIT K

# BY-LAWS OF
# BP CORPORATION NORTH AMERICA INC.
# SAVINGS PLAN INVESTMENT OVERSIGHT COMMITTEE

## ARTICLE I

## NAME, PURPOSE AND DEFINITIONS

Section 1.1  **Name**.  The name of this committee is the BP Corporation North America Inc. Savings Plan Investment Oversight Committee ("SPIOC").

Section 1.2  **Purpose**.

(a)  The SPIOC serves as a designated "named fiduciary" as that term is defined under Section 402(a)(2) of ERISA with respect to defined contribution benefit plans sponsored by the Company which are subject to ERISA. In this capacity and solely with respect to such plans and their trusts, the SPIOC is authorized to have certain discretion, control and authority under the applicable plans and trusts, including, but not limited to: (i) appointing, monitoring, and removing trustees; (ii) selecting, directing, monitoring and terminating external investment managers; (iii) developing investment strategies and policies; and (iv) directing the trustee as to the investment and reinvestment of the assets of the trust;

(b)  The SPIOC may serve as a named fiduciary with respect to defined contribution or other ERISA plan(s) sponsored by a member of the BP Group if so identified by the Appointing Officer and provided for under the applicable plan and trust.

(c) The SPIOC may provide oversight regarding the investment of non-ERISA plan assets or assets relating to arrangements sponsored or maintained by a member of the BP Group if such responsibility is accepted in writing by the SPIOC.

(d) A list of the ERISA plans and non-ERISA assets over which the SPIOC exercises authority or has oversight is attached, and may be amended from time to time.

**Section 1.3  <u>Definitions</u>.**

(a) "Appointing Officer" means the officer of the Company charged in the applicable plan document with the responsibility of appointing and removing members of the SPIOC.

(b) "Board" means the Company's Board of Directors.

(c) "BP Group" means the Company and any affiliate, including without limitation all direct and indirect wholly-owned subsidiaries.

(d) "By-Laws" means the SPIOC's governing rules and procedures as reflected in this document as amended from time to time.

(e) "Committee" or "SPIOC" means the Company's Savings Plan Investment Oversight Committee.

(f) "Company" means BP Corporation North America Inc., an Indiana Corporation or any successor corporation.

(g) "ERISA" means the Employee Retirement Income Security Act of 1974, as amended from time to time.

2

BPGOM ERISA 0003803

(h) "Investment Policy" means the strategy or strategies developed by the SPIOC with respect to the investment of ERISA plan assets and memorialized in writing.

(i) "Member" means an individual properly appointed to serve as a member of the SPIOC.

## ARTICLE II

## MEMBERS

Section 2.1 **Appointment of Members**. The Appointing Officer shall appoint the Chairperson and each voting Member of the SPIOC. The Appointing Officer shall also appoint the Vice Chairperson. The Chairperson may appoint one or more non-voting Members of the SPIOC.

Section 2.2 **Number of Members**. The total number of voting Members will not at any time be less than three nor more than ten.

Section 2.3 **Term of Member.** Membership on the SPIOC is for an indeterminate term. Any Member who is an employee of the Company or of a member of the BP Group will automatically cease to be a Member on the earliest to occur of his or her: (i) termination of employment from the BP Group; (ii) effective date of resignation from the SPIOC; or (iii) in the case of the Chairperson and other voting Members, removal by the Appointing Officer, and in the case of all other non-voting Members, removal by the Chairperson. Removal of any Member may be made with or without cause.

3

BPGOM ERISA 0003804

Section 2.4  **General Authority of Members.**  SPIOC Members have such other powers, authority, discretion, and responsibility as is reasonably necessary to fulfill the purpose of the SPIOC and not denied by other provisions of these By-Laws, corporate governance or applicable law.

Section 2.5  **Specific Authority of Members to Act on Behalf of the SPIOC.**  Except as provided in Section 5.8, the SPIOC may authorize and appoint a designee, including a Member, to act on behalf of the SPIOC. Except as otherwise may be provided in express authorizations by the SPIOC, at no time may the responsibility for any such designee's actions pursuant to such authorization be extended to another individual or entity. Except as provided in Section 5.12 or as may be designated by the SPIOC, such authorization must be evidenced in writing.

## ARTICLE III

## COMPLIANCE WITH APPLICABLE LAW

Section 3.1  **General.**  Any activity described in these By-Laws may be engaged in, or authority exercised, only to the extent permitted by applicable law.

Section 3.2  **Conflict of Interest.**  Each Member, designee authorized pursuant to Section 2.5, and each other individual or entity engaged by the SPIOC or a Member with respect to SPIOC duties is required to refrain from using any information for personal use he or she obtains in connection with SPIOC matters.

4

# ARTICLE IV

## OFFICERS

Section 4.1  **General.**  The officers of the SPIOC shall consist of the Chairperson, Vice Chairperson, and the Secretary ("Officers"). The Officers who are voting Members must be U.S. citizens.

Section 4.2  **Chairperson.**  The Chairperson of the SPIOC is appointed by the Appointing Officer and is the chief executive officer of the SPIOC. If the position of Chairperson is vacant, the Vice Chairperson automatically succeeds until a permanent Chairperson is appointed. The Chairperson must call and preside at all meetings of the SPIOC. If the Chairperson is unable to perform his or her duties, the Vice Chairperson will assume the Chairperson's role for that specific meeting.

Section 4.3  **Vice Chairperson.**  The Vice Chairperson is appointed by the Appointing Officer. The Vice Chairperson shall perform the duties and exercise the powers of the Chairperson under the conditions and situations as specified in Section 4.2 and Section 5.11.

Section 4.4  **Secretary.**  The Chairperson shall appoint the Secretary of the SPIOC. The Secretary shall prepare meeting agendas, meeting minutes, and reports to the Board and perform such other ministerial matters as may be directed by the SPIOC.

Section 4.5  **General Powers and Duties of Officers.**  Each of the Officers may implement the decisions of the SPIOC and have such powers and duties as reasonably necessary to further the purpose of the SPIOC, to the extent permitted by applicable law, any authorizations, and consistent with these By-Laws.

BPGOM ERISA 0003806

**Section 4.6 <u>Veto Authority of Chairperson</u>.** Notwithstanding anything contained in these By-Laws to the contrary, with respect to any action of the SPIOC regarding an ERISA plan, the Chairperson has unilateral authority to veto the action, regardless of the number of Members voting in favor of such action.

# ARTICLE V

## MEETINGS

**Section 5.1 <u>General Meetings</u>.** The SPIOC will hold general meetings at least four times annually. The Chairperson will call and preside at all such meetings, subject to Section 4.2. The Chairperson may call additional special meetings as he or she deems necessary.

**Section 5.2 <u>Order of Business</u>.** In general, with respect to scheduled general meetings of the SPIOC, the Secretary will prepare and circulate a proposed agenda for the meeting. Such agenda will typically include: (i) review and approval of the prior meeting's minutes and the report to the Board (if applicable); (ii) discussion and approval of any action items; (iii) presentation of review items; (iv) presentation of any point-out items (items not requiring a SPIOC vote); and (v) a review of actions taken in accordance with the Special Voting Rules under Sections 5.12 – 5.13 subsequent to the last meeting of the SPIOC. Any Member desiring consideration of a special item of business may place such item on the agenda by informal communication to the Secretary who in turn will, to the extent time allows, notify other Members of the substance of the item.

BPGOM ERISA 0003807

**Section 5.3  Adoption of Minutes.**  The Secretary will, following a general or special meeting, prepare and circulate minutes of the meeting for comment. Any Member may present comments on the proposed minutes by informal communication to the Secretary. The minutes will be presented for discussion and adoption at the subsequent meeting.

**Section 5.4  Report to Board.**  Once annually, or more or less frequently as requested by the Board, the SPIOC will submit a written report to the Board reflecting the SPIOC's actions for the period subsequent to the last Board report submitted. With respect to each report requested by the Board, the Secretary will prepare and circulate to the SPIOC for comment a draft report to the Board. Any Member may present comments on the proposed report by informal communication to the Secretary. The report to the Board will be presented to the SPIOC for discussion and adoption at the next meeting and thereafter will be forwarded by the Secretary to the Board.

**Section 5.5  Notice of Meetings.**  At any reasonable time prior to the holding of any meeting, the Secretary will provide notice of the time, place, and purposes of such meeting to each Member using a reasonable method of communication.

**Section 5.6  Waiver of Notice.**  Notice of any meeting may be waived in writing, either before or after such meeting has been held, and will be deemed waived by attendance.

**Section 5.7  Participation in Meetings.**  At a meeting, each voting Member must vote for him or her self and may not delegate his or her vote to another individual, including another Member. Members may participate in any meeting by means of a conference telephone, or similar communications equipment in which the Member can

7

hear all other Members and such Member can be heard by all other Members. Participation in a meeting in this manner will constitute presence in person at such meeting.

Section 5.8 <u>When a Meeting is Required</u>. Notwithstanding this Article, nothing herein will be deemed to require a meeting of the SPIOC except that a meeting will be required: (1) to amend provisions of these By-Laws; (2) to change an Investment Policy; (3) to remove or appoint a Trustee of the BP Master Savings Plan Trust; or (4) to take action regarding such other specifically identified matters as may be determined from time to time by majority vote of the voting Members.

Section 5.9 <u>Quorum</u>. Subject to Sections 5.12 and 5.13, the presence of at least three (3) voting Members, one of whom is the Chairperson, at a meeting will constitute a quorum for purposes of transacting business at that meeting.

Section 5.10 <u>Required Vote</u>. Subject to Section 4.6, a vote of the majority of the voting Members of the SPIOC present at a meeting will constitute action of the SPIOC. In the event of a tie, the Chairperson's vote will control. A voting Member who has a conflict of interest or a personal interest in the outcome of a particular vote must abstain. Participation in a participant directed plan will not constitute a conflict of interest.

Section 5.11 <u>Written Consent</u>. Except with respect to matters requiring a meeting, the SPIOC may take action with the written consent of a majority of its voting Members, provided that the Chairperson also consents.

Section 5.12 <u>Special Voting Rules for Emergency Situations</u>. In the event that an emergency situation develops, the Director, Trust Investments, The Americas,

8

has authority to act on behalf of the SPIOC to the extent he or she reasonably believes it is necessary to avoid a fiduciary breach under ERISA or avoid a large loss by an ERISA plan or trust. In this context, the Director, Trust Investments, The Americas, is required to exercise his or her best judgment to take action on behalf of the SPIOC. Such emergency situation authority will end at the earliest of: (1) the time that the SPIOC has acted during or following such emergency situation; or (2) the time that the emergency situation has ended.

For purposes of this Section 5.12, an emergency situation is an unforeseen development of a material nature involving or affecting: (1) the financial markets; (2) an existing financial position of an ERISA plan; (3) an external or internal person or entity relating to assets or investments under an ERISA plan; (4) or an ERISA plan's operations which, if not timely addressed or mitigated, could significantly impair the ERISA plan's financial status or cause the SPIOC to be subject to a claim for breach of fiduciary duty. An emergency situation will require immediate action (i.e., actions required to occur within two business days in the U.S.).

Before taking action, the Director, Trust Investments, The Americas must reasonably believe that a quorum of the SPIOC cannot be timely obtained. The Director, Trust Investments, The Americas must use his or her best efforts to consult with the Chairperson, the Secretary, and other Members of the SPIOC to communicate the nature of the emergency situation and actions being considered or in process. If timely contact is made with the Chairperson, any related decisions will be made jointly between the Chairperson and the Director, Trust Investments, with final decision making authority resting with the Chairperson. If the Chairperson cannot be timely contacted

9

BPGOM ERISA 0003810

but one or more voting Members of the SPIOC can be reached, their input will be considered in conjunction with the formulation of an action plan to be implemented by the Director, Trust Investments, The Americas.

Section 5.13 **Special Voting Rules for De Minimis Transactions**. Subject to any specific limits on this authorization imposed by the SPIOC, the Director, Trust Investments, The Americas, will have the authority to act on behalf of the SPIOC with respect to decisions where the amount at issue does not exceed $5 million.

## ARTICLE VI

## ADOPTION AND AMENDMENT OF BY-LAWS

Section 6.1 **Effective Date**. These By-Laws are adopted as of September 20, 2004.

Section 6.2 **Amendment**. These By-Laws may be amended from time to time by action of a majority of the voting Members of the SPIOC at a meeting called for purposes of amendment.

As Secretary of the BP Corporation North America Inc. Savings Plan Investment Oversight Committee, I do hereby certify that the foregoing By-Laws were amended by the SPIOC on November 27, 2006.

IN WITNESS HEREOF, I have executed this certificate on November 27, 2006.

*[signature]*
Secretary

10

BPGOM ERISA 0003811

Attachment 1

## Amendment 4
### SAVINGS PLAN INVESTMENT OVERSIGHT COMMITTEE
### PLAN/TRUST OVERSIGHT AUTHORITY
(As of November 30, 2007)

|  | Applicable provision of Section 1.2 | Effective Date |
|---|---|---|
| **ERISA PLANS / ASSETS** | | |
| <u>Savings Plans – Master Trust</u> | | |
|     BP Employee Savings Plan | (a) | |
|     BP Partnership Savings | (a) | |
|     BP DirectSave Plan | (a) | |
|     BP Capital Accumulation Plan (LA Refinery Union) | (a) | |
|     BP Employee Savings Plan of Puerto Rico | (a) | |
| <u>Non-Master Trust Savings Plans</u> | | |
|     BP Solar Employee Savings Plan | (b)[1] | January 1, 2008 |

[1] BP Solar International Inc. is the sponsoring company