UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: BP p.l.c. SECURITIES LITIGATION | Civil Action No. 4:10-md-2185 |
| In re: BP ERISA LITIGATION | Civil Action No. 4:10-cv-4214 |
| | Honorable Keith P. Ellison |

### ERISA PLAINTIFFS' NOTICE OF RECENT AUTHORITY

ERISA Plaintiffs hereby notify the Court of a recent ERISA decision by the Sixth Circuit Court of Appeals in *Pfeil v. State Street Bank and Trust Company*, No. 10-2302, __ F.3d __, 2012 WL 555481 (6th Cir. Feb. 22, 2012), attached hereto as **Exhibit A**. The decision further supports ERISA Plaintiffs' arguments in opposition to Defendants' motion to dismiss the complaint.

In *Pfeil*, the plaintiffs alleged that State Street breached its fiduciary duties by continuing to allow participants to invest in GM common stock, even though reliable public information indicated that GM was headed for bankruptcy. The district court dismissed the complaint, holding that State Street's alleged breach of duty could not have plausibly caused losses to the plan. The Sixth Circuit reversed and remanded, making several findings, discussed below, that are significant to Plaintiffs' opposition.

### *It is Inappropriate to Apply the Kuper/Moench Presumption on a Motion to Dismiss*

*Pfiel* held that "the presumption of reasonableness adopted in *Kuper* is not an additional pleading requirement and thus does not apply at the motion to dismiss stage." *Id.* at *5.

The *Pfiel* court stated:

> Our holding derives from the plain language of *Kuper* itself where we explained that an ESOP plaintiff could 'rebut this presumption of reasonableness by *showing* that a prudent fiduciary acting under similar circumstances would have made a different investment decision.' *Kuper*, 66 F.3d at 1459 (emphasis added). The presumption of reasonableness in *Kuper* was cast as an evidentiary presumption, and not a pleading requirement.

*Id.* The *Pfiel* court noted that its holding was "consistent with the standard of review for motions to dismiss generally. Courts are required to accept the well-pleaded factual allegations of a complaint as true and determine whether those allegations state a plausible claim for relief. [citation omitted]. It follows that courts should not make factual determinations of their own or weigh evidence when considering a motion to dismiss." *Id.* at *6.

The Sixth Circuit further confirmed that the Fifth Circuit has not addressed whether a plaintiff must plead enough facts to rebut the presumption of reasonableness to survive a motion to dismiss, noting that *Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d, 243 (5th Cir. 2008), had applied the presumption on a motion for summary judgment. *Id.* at *7. Thus, *Pfiel* provides authority on a point not yet addressed in the Fifth Circuit.

### *When the Presumption Does Apply, its Strength Varies and Proof of a "Dire Situation" or "Impending Collapse" Is Not Necessary*

The Sixth Circuit also noted that *Kirschbaum* held that when the presumption does apply, "the strength of the presumption depends on other factors such as the amount of discretion given to the fiduciary under the terms of the plan and any conflicts of interest the fiduciary may have." *Id*. at *7 (citing *Kirschbaum*, 526 F.3d at 255 n. 9). Citing *Kirschbaum*, among other authorities, the *Pfiel* court held that a "plaintiff may rebut the presumption, 'by showing that a prudent fiduciary acting under similar circumstances would have made a different investment decision.'" *Id*. at *4 (citing *Kirschbaum*, 526 F.3d at 254-56). In describing this presumption and how it might be overcome, the *Pfiel* court emphasized that proof of a "dire situation" or an "impending collapse," was not necessary to overcome the presumption where, like here, the standard or

2

rebutting the presumption is more broadly defined.  *Id*. at *8 ("[b]ecause *Kuper*'s standard for rebutting the presumption is not as narrowly defined to require proof of a 'dire situation' or an 'impending collapse,' we find it inappropriate to apply it to the pleadings on a motion to dismiss ….").  Importantly, the *Pfiel* court found that the plaintiffs should be entitled to discovery before applying the presumption:  "We recognize that ESOP plaintiffs, having had an opportunity to conduct formal discovery, may come forward with rebuttable proofs of many kinds, depending on the facts of each case …."  *Id*. at *8.

### *Section 404(c) is an Affirmative Defense Which Generally Cannot be Considered When Deciding a Motion to Dismiss*

Although Defendants formally do not move to dismiss the CAC on the basis of a Section 404(c) affirmative defense, they incorrectly argue that 404(c) requires a dismissal of the claims.  *See* Motion p. 25, fn. 28.  Notably, the *Pfiel* court joined other circuits, including the Fifth Circuit, in "recognizing that Section 404(c) is an affirmative defense to a claim for a breach of fiduciary duty under ERISA, on which the party asserting the defense bears the burden of proof.  *Id*. at *12 (citing *Langbecker v. Elec. Data Sys. Corp*, 476 F.3d 299, 309 (5th Cir. 2007)).  The *Pfiel* court noted that "[c]ourts generally cannot grant motions to dismiss on the basis of an affirmative defense unless the plaintiff has anticipated the defense and explicitly addressed it in the pleadings."  *Id*. at *12.  As in *Pfiel*, the complaint here "says nothing of the detailed requirements that a party must establish in order to rely on the defense."  *Id*.

Dated:  March 2, 2012

/s/ Thomas Robert Ajamie
_____
Thomas Robert Ajamie
Texas Bar No. 00952400
Dona Szak
Texas Bar No. 19597500
John W. Clay
Texas Bar No. 00796366
AJAMIE LLP
711 Louisiana, Suite 2150
Houston, TX 77002
Tel: (713) 860-1600
Fax: (713) 860-1699

*Attorneys for Plaintiff David M. Humphries and Interim Co-Liaison Counsel*

Ronald S. Kravitz
Texas Bar No. 00795147
Kim Zeldin (*pro hac vice*)
LINER GRODE STEIN YANKELEVITZ SUNSHINE REGEINSTREIF & TAYLOR LLP
199 Fremont Street, 20th Floor
San Francisco, CA 94105
Tel: (415) 489-7700
Fax: (415) 278-7701

*Attorneys for Plaintiff David M. Humphries and Interim Co-Lead Counsel*

Stephen J. Fearon, Jr. (*pro hac vice*)
Joseph Golian (*pro hac vice*)
Olga Anna Posmyk (*pro hac vice*)
SQUITIERI & FEARON LLP
32 East 57th Street, 12th Floor
New York, New York 10022
Tel: (212) 421-6492

*Attorneys for Plaintiffs Ralph Whitley and Frankie Ramirez and Interim Counsel -- Executive Committee*

Respectfully Submitted:

/s/ W. Mark Lanier
_____
W. Mark Lanier
Texas Bar No. 11934600
Evan M. Janush (*pro hac vice*)
THE LANIER LAW FIRM
6810 FM 1960 West
Houston, Texas 77069
Tel: (713) 659-5200
Fax: (713) 659-2204

Evan M. Janush (*pro hac vice*)
THE LANIER LAW FIRM
126 East 56th Street, 6th Floor
New York, New York, 10022
Tel: (212) 860-1600
Fax: (713) 860-7699

*Attorneys for Plaintiffs Charis Moule, Jerry T. McGuire and Maureen S. Riely and Interim Co-Liaison Counsel*

Sanford P. Dumain (*pro hac vice*)
Lori G. Feldman (*pro hac vice*)
Arvind B. Khurana (*pro hac vice*)
MILBERG LLP
One Pennsylvania Plaza
New York, New York 10119
Tel: (212) 594-5300
Fax:  (212) 868-1229

*Attorneys for Plaintiffs Charis Moule, Jerry T. McGuire and Maureen S. Riely and Interim Co-Lead Counsel*

4

| | |
|---|---|
| Gregory M. Egleston *(pro hac vice)*<br>EGLESTON LAW FIRM<br>360 Furman Street, Suite 443<br>Brooklyn, NY 11201<br>(646) 227-1700<br><br>*Attorneys for Plaintiff Ralph Whitley* | Robert I. Harwood *(pro hac vice)*<br>Jeffrey M. Norton *(pro hac vice)*<br>Tanya Korkhov *(pro hac vice)*<br>HARWOOD FEFFER LLP<br>488 Madison Avenue, Suite 801<br>New York, NY 10022<br>(212) 935-7400<br><br>*Attorneys for Plaintiffs Charis Moule, Jerry T. McGuire and Maureen S. Riely and Interim Counsel -- Executive Committee* |
| Edwin J. Mills<br>Michael J. Klein<br>STULL STULL & BRODY<br>6 East 45th Street<br>New York, NY 10017<br>(212) 687-7230<br><br>*Attorneys for Plaintiff Edward Mineman* | Thomas J. McKenna *(pro hac vice)*<br>GAINEY AND MCKENNA<br>295 Madison Avenue, 4th Floor<br>New York, NY 10017<br>Tel: (212) 983-1300<br><br>*Attorneys for Plaintiff Thomas P. Soesman* |
| Robert A. Izard *(pro hac vice)*<br>IZARD NOBEL LLP<br>29 South Main Street Suite 215<br>West Hartford, CT 06107<br>Tel: (860) 493-6292<br>Fax: (860) 493-6290<br><br>*Attorneys for Plaintiff Arshadullah Syed* | |