UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:  BP ERISA LITIGATION

MDL No. 4:10-md-2185

Civil Action No. 4:10-cv-04214
Hon. Keith P. Ellison

DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITIES
SUPPORTING THEIR OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendants[1] respectfully submit this Notice of Supplemental Authorities in support of their Opposition to Plaintiffs' Motion for Leave to File Amended Complaint (Dkt. # 122) to bring to the Court's attention two pertinent appellate decisions issued this week: *Fisher v. JP Morgan Chase & Co.*, No. 10-1303-cv, 2012 U.S. App. LEXIS 9288 (2d Cir. May 8, 2012) (Summary Order) (*Fisher*) and *Lanfear v. Home Depot, Inc.*, No. 10-13002, 2012 U.S. App. LEXIS 9321 (11th Cir. May 8, 2012) (*Lanfear*).

In *Fisher* the Second Circuit affirmed the district court's entry of judgment on the pleadings for the defendants, disposing of claims that plan fiduciaries violated ERISA in continuing to permit participants to purchase and hold shares of JPMorgan common stock in a plan that did not expressly require that company stock be offered as an investment option. *Fisher*, 2012 U.S. App. LEXIS 9288, at *9.  The court of appeals rejected the plaintiffs' contention that the presumption of prudence was inapplicable due to the defendants' alleged

---

[1] The Defendants are BP Corporation North America, Inc., BP p.l.c., BP America Inc., BP Corporation North America, Inc.'s Board of Directors, the BP Savings Plan Investment Oversight Committee, Lord John Browne, Stephanie C. Moore, Gregory T. Williamson, Thomas L. Taylor, Neil Shaw, Brian D. Smith, Stephen J. Riney, Robert A. Malone, Jeanne M. Johns, Anthony Hayward, Lamar McKay, Patrick Gower, James Dupree, Richard J. Dorazil, Corey Correnti, Marvin L. Damsma, and Patricia H. Miller.

1

discretion to make company stock available under the plan. *Id.* at *6-7. Applying the presumption, the court held that the plaintiffs had failed to allege the "dire" circumstances necessary to overcome it where the company stock fund fell 55% during the class period but then rebounded; the stock always retained "significant value" (the stock never fell below $15 a share); and JP Morgan remained a viable company through this period. *Id.* at *5-6.

In *Fisher*, the Second Circuit also rejected both of the plaintiffs' ERISA disclosure claims:  (a) that ERISA required plan fiduciaries to disclose to participants non-public company information; and (b) that the fiduciaries made false or misleading statements to participants based on alleged misrepresentations in the company's SEC filings, which were referred to in plan documents.  Citing *In Re Citigroup ERISA Litig.*, 662 F.3d 128, 142 (2d Cir. 2011), the court held that disclosure of non-public information on performance of plan investment options was not required.  *Fisher*, 2012 U.S. App. LEXIS 9288, at *7-8.  And, relying on the Second Circuit decisions in *Citigroup*, 662 F.3d at 144-145, and *Gearren v. McGraw-Hill Cos.*, 660 F.3d 605, 610 (2d Cir. 2011), the court held that the SEC filings could not give rise to an ERISA fiduciary breach claim because any statements contained therein were made in a corporate capacity, rather than in an ERISA fiduciary capacity. *See Fisher*, 2012 U.S. App. LEXIS 9288, at *8.

In *Lanfear*, decided the same day as *Fisher*, the Eleventh Circuit joined the Fifth, Second, Third, Sixth and Ninth Circuits in formally adopting the *Kirschbaum/Moench* presumption of prudence in another ERISA "stock drop" case. *Lanfear*, 2012 U.S. App. LEXIS 9321, at *28-29. The court rejected the notion that the presumption was simply an evidentiary presumption that could not be applied on a motion to dismiss. Rather, it determined that presumption was a standard of review, describing the presumption as follows:  "[I]n this context the term

2

[presumption] embodies the notion of an outcome favored by the law; it prescribes who is to win in almost all of the circumstances that can be envisioned – not all, but almost all." *Id.* at *35. The court then concluded that the plaintiffs had failed to allege the "type of dire situation" needed to sustain a viable claim for relief. *Id*. at *38 (citing *Edgar v. Avaya*, 503 F.3d 340, 348 (3d Cir. 2007)). On the plaintiffs' disclosure/loyalty claim, again the court of appeals rejected claims advanced in that case, like this one, that defendants had an ERISA fiduciary duty to disclose non-public information and, citing *Kirschbaum*, held that alleged misrepresentations in securities filings referenced in Form S-8s and stock prospectuses were not transformed into fiduciary communications. *Id*. at *42-43.

Plaintiffs' motion for leave to amend fails to offer any proposed allegations that could overcome the holdings in these two cases, as well as the holdings of *Kirschbaum* and other appellate jurisprudence cited in Defendants' Motion to Dismiss and supporting memoranda (Dkts. ## 88, 88-1, and 109). Plaintiffs' motion is futile and should be denied.

May 10, 2012                                                        Respectfully submitted,

OF COUNSEL:

|  |  |
|---|---|
|  | s/ *Thomas W. Taylor*_____ |
| Paul J. Ondrasik, Jr. (*pro hac vice*) | Thomas W. Taylor |
| Morgan D. Hodgson (*pro hac vice*) | Texas State Bar No. 19723875 |
| Ryan T. Jenny (*pro hac vice*) | S.D. Tex. Bar No. 3906 |
| STEPTOE & JOHNSON LLP | ANDREWS KURTH LLP |
| 1330 Connecticut Avenue, N.W. | 600 Travis, Suite 4200 |
| Washington, D.C. 20036 | Houston, TX 77002 |
| Office: (202) 429-3000 | Office: (713) 220-4200 |
| Fax: (202) 429-3902 | Fax: (713) 220-4285 |
| E-mail: pondrasik@steptoe.com | E-mail: ttaylor@andrewskurth.com |
| mhodgson@steptoe.com |  |
| rjenny@steptoe.com | *Attorney-in-Charge for Defendants BP Corporation North America, Inc., BP p.l.c., BP America Inc., BP Corporation North America, Inc.'s Board of Directors, the BP Savings Plan Investment Oversight Committee, Lord John* |

3

<div style="display: flex;">

Daryl A Libow (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue N.W.
Washington, DC 20006-5805
Office:  (202) 956-7500
E-mail:  libowd@sullcrom.com


Richard C. Pepperman, II (*pro hac vice*)
Marc De Leeuw (*pro hac vice*)
M. David Possick
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Office:  (212) 558-4000
Email: peppermanr@sullcrom.com
          deleeuwm@sullcrom.com
          possickmd@sullcrom.com

*Browne, Stephanie C. Moore, Gregory T. Williamson, Thomas L. Taylor, Neil Shaw, Brian D. Smith, Stephen J. Riney, Robert A. Malone, Jeanne M. Johns, Anthony Hayward, Lamar McKay, Patrick Gower, James Dupree, Richard J. Dorazil, Corey Correnti, Marvin L. Damsma, and Patricia H. Miller*

</div>

4

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been served by electronic CM/ECF filing, on this 10th day of May 2012.

<div style="text-align:right">

*s/Thomas W. Taylor*
Thomas W. Taylor

</div>