UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: BP p.l.c. | § | MDL No. 10-md-2185 |
| SECURITIES LITIGATION | § | |
| | § | Civil Action No. 4:10-cv-4214 |
| IN RE: BP p.l.c. | § | |
| ERISA LITIGATION | § | HON. KEITH P. ELLISON |
| | § | |
| | § | |

## MEMORANDUM AND ORDER

The Court recently permitted Plaintiffs in this matter to amend their complaint. In reaching this decision, the Court struggled with an instruction from the Supreme Court to "careful[ly] . . . consider[] . . . whether the complaint states a claim that the defendant acted imprudently" in light of the reality that a prudent fiduciary would not take an action that he or she believed "would do more harm than good to the fund." *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459, 2471-73 (2014). The Court, rejecting Defendants' interpretation of the Supreme Court's guidance in *Dudenhoeffer*, permitted amendment because it could not "determine, on the basis of the pleadings alone, that *no* prudent fiduciary would have concluded" that Plaintiffs' proposed alternative actions "would do more good than harm." (Doc. No. 170, at 30.)

Defendants have asked the Court to modify its order granting leave to amend to certify the following question for immediate, interlocutory appeal under 28 U.S.C. § 1292(b):

> What plausible factual allegations are required to meet the "more harm than good to the fund" pleading standard articulated by the Supreme Court in *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459, 2472-73 (2014).

(Doc. No. 171, at 2.) The Court finds certification is warranted under 28 U.S.C. § 1292(b) and **GRANTS** Defendants' Motion to Certify Interlocutory Appeal (Doc. No. 171). Defendants' Motion for Stay of Proceedings (*id.*) is **DENIED** at this time.

I.      PROCEDURAL BACKGROUND

Defendants are entities and individuals associated with the global BP Group who purportedly acted as fiduciaries of employee benefits plans offered to BP employees (the "Plans"). This case involves allegations that Defendants violated their ERISA-based duties of loyalty and prudence before and after the Deepwater Horizon explosion. The specifics of Plaintiffs' allegations have been recounted in prior written orders and will not be repeated here.

In 2012, the Court dismissed Plaintiffs' prudence claims based on the so-called "*Moench* presumption of prudence."[1] (Doc. Nos. 115, 116.) It also denied Plaintiffs leave to amend because amendment would be futile. (Doc. Nos. 132, 132-1.) Plaintiffs appealed the Court's rulings; during the pendency of that appeal, the Supreme Court issued *Dudenhoeffer*, in which it held that the *Moench* presumption had no basis in ERISA's statutory language. The Fifth Circuit quickly vacated this Court's judgment in favor of Defendants and remanded for reconsideration in light of *Dudenhoeffer*. (Doc. No. 147.)

Once back before this Court, Plaintiffs requested leave to amend their prudence claims to comply with *Dudenhoeffer*'s "new pleading standards." (Doc. Nos. 152, 153, at 1.) Defendants opposed the request, arguing that the prudence claims remained futile. Much of the controversy on the question of leave centered on the meaning of the following passage of *Dudenhoeffer*:

> [L]ower courts faced with [these] claims should also consider whether the complaint has plausibly alleged that a prudent fiduciary in the defendant's position *could not* have concluded that [the alternative action] would do more harm than good to the fund by causing a drop in the stock price and a concomitant drop in the value of the stock already held by the fund.

---

[1] The *Moench* presumption provided that company stock was a presumptively prudent investment for employee benefit plans. *Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 254 (5th Cir. 2008). To overcome the presumption, a plaintiff had to allege "persuasive and analytically rigorous facts demonstrating that reasonable fiduciaries would have considered themselves bound to divest." *Id.* at 256.

134 S. Ct. at 2473 (emphasis added). The Court "struggled with the relevant language in *Dudenhoeffer*," feeling "caught between [the] untenable positions" advocated by Plaintiffs and Defendants. (Doc. No. 170, at 28-29.) Ultimately, the Court relied upon the "general pleading guidance" of *Bell Atlantic Corporation v. Twombly*[2] and *Ashcroft v. Iqbal*[3] and concluded that leave to amend the prudence claims should be granted. (*Id*. at 29-30.) Two weeks later, Defendants sought certification of the Court's decision for interlocutory appeal.

## II. LEGAL STANDARD

As a general rule, "a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994); *see also Henry v. Lake Charles American Press, L.L.C.*, 566 F.3d 164, 171 (5th Cir. 2009) ("[A]s a general rule, parties must litigate all issues in the trial court before appealing any one issue."). However, 28 U.S.C. § 1292(b) allows a district court judge to certify an order for interlocutory appeal if three conditions are met: the order (1) "involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." A district court judge certifying an order for interlocutory appeal must articulate, in writing, why the order satisfies each of these criteria. *See Linton v. Shell Oil Co.*, 563 F.3d 556, 558 (5th Cir. 2009).

## III. ANALYSIS

### A. Section 1292(b) Certification

The Court finds that two of the three necessary elements for Section 1292(b) certification

---

[2] 550 U.S. 544 (2007).

[3] 556 U.S. 662 (2009).

are easily met. First, although Plaintiffs argue that the issue presented for certification is a *factual* question rather than a *legal* one, the Court disagrees. The difficulty encountered by the Court in its order granting leave to amend was not how to apply the relevant pleading standard to Plaintiffs' allegations; it was what exactly the relevant pleading standard was. *See Ahrenholz v. Bd. of Trustees of the Univ. of Illinois*, 219 F.3d 674, 677 (7th Cir. 2000) (emphasizing the importance of reserving Section 1292(b) certification for "abstract legal issue[s]" that can be decided "quickly and cleanly without having to study the record"). Moreover, if Defendants are correct in their interpretation of *Dudenhoeffer*—if the Supreme Court indeed placed its thumb on the scale in favor of defendants and required plaintiffs to plausibly allege that *no* prudent fiduciary could have concluded that the proposed alternative action would do more harm than good—then none of Plaintiffs' prudence claims would survive a motion to dismiss. Leave to amend these claims would not have been granted. Consequently, the issue on which Defendants seek certification is legal *and* controlling. *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) ("Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling,' it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action.") (citations omitted).

Additionally, it cannot be seriously disputed that interlocutory appeal presents the *possibility* of materially advancing the ultimate termination of the litigation. The Court believes that it correctly applied *Dudenhoeffer* and that, upon appellate review, its decision will be affirmed. But there is a non-zero chance that the Fifth Circuit will reach a different conclusion. The Fifth Circuit's decision may even be aided by additional case law and scholarship that will be forthcoming in the interim. And if this Court was mistaken when it granted leave to amend

4

Plaintiffs' prudence claims, Plaintiffs' procedural prudence and monitoring claims are similarly futile. A successful interlocutory appeal by Defendants would very likely terminate this litigation.

The question of certification, then, turns on whether there is "substantial ground for difference of opinion." Courts have found this element met when "novel and difficult questions of first impression are presented." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723-24 (N.D. Tex. 2006) (internal quotation marks and citation omitted). Plaintiffs cannot deny that *Dudenhoeffer*, at the least, presents a novel spin on the legal sufficiency of prudence claims.[4] They appear to dispute, however, that *Dudenhoeffer* is difficult to apply. They point out that there is very little case law interpreting *Dudenhoeffer*, and therefore very little indication that this Court got it wrong. (Doc. No. 176, at 6.)

The Court appreciates that time may reveal consensus and certainty around its application of *Dudenhoeffer*. But it cannot disregard the difficulty it experienced as it attempted to use the Supreme Court's instructions to "divide the plausible sheep from the meritless goats." 134 S. Ct. at 2470. Thus far, only one circuit—the Ninth Circuit—has addressed how to utilize *Dudenhoeffer*'s "more harm than good" filter. *See Harris v. Amgen, Inc.*, 770 F.3d 865, 877-78 (9th Cir. 2014). At the least, this Court and these parties—if not the ERISA bar as a whole— would benefit from further, circuit-level development of this changing area of law. Because all three required elements of Section 1292(b) are present, the Court will grant Defendants' request for certification of its January 15, 2015 order granting Plaintiffs leave to amend their complaint.

---

[4] In requesting leave to amend, Plaintiffs acknowledged that the Supreme Court in *Dudenhoeffer* had "enunciated different standards for ERISA claims arising from the imprudent use of company stock funds" which "greatly changed decades of law in this and other Circuits." (Doc. Nos. 152, 153, at 3, 10.)

### B. Stay of Proceedings

Defendants do not merely seek certification for interlocutory appeal, however. They also implore the Court to stay proceedings until such time as the Fifth Circuit rules on the interlocutory appeal. The Court will not order a stay at this time. The case has been pending for over four years. Due to circumstances beyond their control, Plaintiffs have been unable to move the litigation past the pleadings stage and into discovery. While the Court recognizes the wisdom of certifying for immediate appellate review the controlling, legal, novel, and difficult issue of how to construe and apply *Dudenhoeffer*, there is no certainty that the Fifth Circuit will agree to review the Court's order granting leave to amend—much less certainty that the Fifth Circuit will reverse the Court's decision. Until there is greater clarity around either eventuality, Plaintiffs should not be further fettered in the discovery and presentment of their claims.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Certify Interlocutory Appeal under 28 U.S.C. § 1292(b) but **DENIES** Defendants' Motion for Stay of Proceedings. (Doc. No. 171.) Defendants may reurge their Motion for Stay of Proceedings at a later date, in the event of new or changed circumstances which counsel against parallel activity in this Court and the Fifth Circuit.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the fourth day of March, 2015.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE