## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

MDL No. 4:10-md-2185

**IN RE:  BP ERISA LITIGATION**

Civil Action No. 4:10-cv-04214
Hon. Keith P. Ellison

### <u>DEFENDANTS' RENEWED MOTION FOR STAY OF PROCEEDINGS</u>

OF COUNSEL:
Paul J. Ondrasik, Jr. (*pro hac vice*)
Morgan D. Hodgson (*pro hac vice*)
Eric G. Serron (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
Office: (202) 429-3000
Fax:  (202) 429-3902
E-mail: pondrasik@steptoe.com
          mhodgson@steptoe.com
          eserron@steptoe.com


Daryl A. Libow (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue N.W.
Washington, DC 20006-5805
Office:  (202) 956-7500
E-mail:  libowd@sullcrom.com


Richard C. Pepperman, II (*pro hac vice*)
Marc De Leeuw (*pro hac vice*)
M. David Possick
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Office:  (212) 558-4000
Email: peppermanr@sullcrom.com
          deleeuwm@sullcrom.com
          possickmd@sullcrom.com

Thomas W. Taylor
Texas State Bar No. 19723875
S.D. Tex. Bar No. 3906
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, TX 77002
Office:  (713) 220-4200
Fax:  (713) 220-4285
E-mail: ttaylor@andrewskurth.com

*Attorney-in-Charge for Defendants*
*BP Corporation North America, Inc., BP p.l.c.,*
*BP America Inc., BP Corporation North America,*
*Inc.'s Board of Directors, the BP Savings Plan*
*Investment Oversight Committee, Lord John*
*Browne, Stephanie C. Moore, Gregory T.*
*Williamson, Thomas L. Taylor, Neil Shaw, Brian*
*D. Smith, Stephen J. Riney, Robert A. Malone,*
*Jeanne M. Johns, Anthony Hayward, Lamar*
*McKay, Patrick Gower, James Dupree, Richard J.*
*Dorazil, Corey Correnti, Marvin L. Damsma, and*
*Patricia H. Miller*

Defendants respectfully renew their request, initially made on January 30, 2015, that the Court exercise its discretion to stay further proceedings in this case pending the Fifth Circuit's decision on Defendants' interlocutory appeal.  The Fifth Circuit has before it all of the determinative legal issues in this case, and the interests of the parties and the Court would be best served by granting a stay.  Indeed, notwithstanding the Court's denial of Defendants' request for a stay in March, Plaintiffs have not pursued any significant discovery over the last eight months and thus cannot plausibly argue that there is an urgent need for discovery now.

## NATURE AND STAGE OF THE PROCEEDINGS

In its January 15, 2015 Memorandum and Order (Dkt. #170) ("Jan. 15, 2015 Order"), this Court granted in part and denied in part Plaintiffs' motion for leave to amend their complaint. The Court thereafter granted Defendants' motion to certify the following question for interlocutory appeal under 28 U.S.C. § 1292(b):

> What plausible factual allegations are required to meet the "more harm than good
> to the fund" pleading standard articulated by the Supreme Court in *Fifth Third
> Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459, 2472-73 (2014).

March 4, 2015 Memorandum and Order (Dkt. #178) ("Mar. 4, 2015 Order").  At that time, the Court denied Defendants' request to stay proceedings pending resolution of their interlocutory appeal, noting that it was unclear whether the Fifth Circuit would accept Defendants' interlocutory appeal and, if so, how it would rule on the merits and concluding that discovery should proceed "[u]ntil there is greater clarity around either eventuality."  The Court invited Defendants to "reurge their Motion for Stay of Proceedings at a later date, in the event of new or changed circumstances which counsel against parallel activity in this Court and the Fifth Circuit."  Mar. 4, 2015 Order at 6.

The Fifth Circuit subsequently granted Defendants leave to appeal.  *See Whitley v. BP P.L.C.*, No. 15-20282, Doc. 00513050363 (5th Cir. May 20, 2015).  Defendants and Plaintiffs have filed briefs on the merits (*see id.* Doc. 00513171204, Doc. 00513241677), and *amicus curiae* briefs from the Department of Labor and Securities and Exchange Commission are due on December 28, 2015.  *See id.* Doc. 00513255722.  Defendants' reply brief will be filed thereafter on January 27, 2016.  *See id.* Doc. 00513263789.

In addition, the case before this Court has been sharply curtailed.  The Court recently granted Defendants' motion for partial dismissal of the Amended Complaint, dismissing all claims against the Corporate Defendants, Board Defendants, and Designated Officer Defendants, and dismissing Count II – the monitoring claim against the SPIOC and other Defendants – as well as the claims for co-fiduciary liability.  *See* Oct. 30, 2015 Memorandum and Order at 17, 18, 24 (Dkt. #212) ("Oct. 30, 2015 Order").  As a result of this ruling, Plaintiffs' only remaining claim is that three individuals – so-called "insider" defendants – violated ERISA's duty of prudence by permitting participants in BP's 401(k) plans to invest in the BP Stock Fund during the putative class period.

Plaintiffs have not proceeded with meaningful discovery in the last eight months.  Plaintiffs served a set of document requests on June 18, 2015, but agreed shortly after, in light of the Fifth Circuit's grant of interlocutory review, not to move forward with those requests so the parties could focus attention on the determinative issues before the Fifth Circuit.  Defendants had made clear earlier that they would agree to provide Plaintiffs with access to the document production in the securities class action pending before this Court and the massive production in

MDL 2179.[1]  More recently Defendants told Plaintiffs they would also provide the depositions taken in those cases.  Plaintiffs recently informed Defendants that they would insist upon proceeding with plenary discovery on their remaining claim against the insider defendants, prompting Defendants to file this motion.

## STATEMENT OF ISSUE

Whether the Court should stay proceedings in this Court until the Fifth Circuit issues its decision in the currently pending dispositive interlocutory appeal.

## ARGUMENT

### I.    THE COURT SHOULD EXERCISE ITS DISCRETION TO STAY PROCEEDINGS PENDING THE FIFTH CIRCUIT'S DECISION.

In light of the Fifth Circuit's order agreeing to hear Defendants' interlocutory appeal, as well as this Court's order granting Defendants' partial motion to dismiss, Defendants respectfully renew their request that the Court stay further proceedings in this case pending the outcome of the interlocutory appeal to the Fifth Circuit.

Courts generally consider four factors in deciding whether to grant such a stay:  (1) the likelihood of success on the merits; (2) irreparable injury if the stay is not granted; (3) absence of substantial harm to the other parties from granting the stay; and (4) the public interest in granting the stay.  *See Arnold v. Garlock*, 278 F.3d 426, 438-41 (5th Cir. 2001) (citing *In re First S. Sav. Assoc.*, 820 F.2d 700, 704 (5th Cir. 1987)) (citation omitted).  These factors should not be considered in a rigid, mechanical manner.  *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir. 1983).  Moreover, the party seeking a stay "need not always show a 'probability' of

---

[1] In early May 2015 Defendants provided information to Plaintiffs on fiduciary insurance and indemnification provisions; securities case discovery search terms and custodians; lists of search term searches conducted in MDL 2179; and a list of external service providers to the plans for the 2007-2010 period.

success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Arnold*, 278 F.3d at 439 (punctuation and citation omitted).

The first factor favors a stay. In this Court's initial order granting Defendants' motion to certify, the Court found the legal question presented for review to be a very close one, and emphasized the difficulty it had in reaching a decision on the issue. *See* Mar. 4, 2015 Order at 5. Given the challenge faced by this Court in applying *Dudenhoeffer*'s "more harm than good" pleading standard and the Fifth Circuit's decision to grant interlocutory review, there can be little doubt that the issue on appeal presents a serious legal question.[2] The fact that this Court found the legal question to be so close likewise shows that Defendants have "a substantial case on the merits" warranting a stay until the issue is resolved by the Fifth Circuit.

The remaining factors also support a stay. As this Court recognized in granting Defendants' motion to certify, a ruling for Defendants in the interlocutory appeal "would very likely terminate this litigation." Mar. 4, 2015 Order at 5. The Court noted the pending interlocutory appeal in its recent ruling on Defendants' motion to dismiss. October 30, 2015 Order at 3 n.16. As a result, staying this case until the Fifth Circuit issues its potentially dispositive decision would postpone expensive discovery practice for only a short period of time

---

[2] There can be no doubt that the appeal presents a serious legal question. In fact, five different organizations, including two federal agencies, have filed or will file *amicus curiae* briefs in the appeal. *See Whitley v. BP P.L.C.*, No. 15-20282, Doc. 00513179462 (5th Cir. Sept. 2, 2015) (American Benefits Council); *id.* Doc. 00513250401 (5th Cir. Oct. 28, 2015) (AARP and National Employment Lawyers Association); *id.* Doc. 00513250391 (5th Cir. Oct. 28, 2015) (Department of Labor and SEC).

- 5 -

until it is clear whether Plaintiffs' remaining claim against the insider defendants is legally viable.

By contrast, granting a stay will not cause substantial harm to any party or to the public interest.  Any harm to most putative class members – the Plans' current 401(k) plan participants – from a brief stay pending the Fifth Circuit's decision would be minimal because the primary remedy they seek relates to future retirement benefits.  In addition, the public interest is served by promoting judicial efficiency and avoiding needless expenditure of resources.  This is confirmed by Plaintiffs' own decision not to pursue discovery in the last eight months.

Finally, developments since Defendants' initial request for a stay in January 2015 further support granting the stay now.  When Defendants initially requested a stay, the Fifth Circuit had not yet granted Defendants leave to file an interlocutory appeal.  The Court cited this fact as a reason not to issue a stay, at least "[u]ntil there is greater clarity around either" the question of certification or how the Fifth Circuit would rule on the appeal.  Mar. 4, 2015 Order at 6.  The Fifth Circuit's grant of leave to appeal has resolved part of the uncertainty, and briefing in the interlocutory appeal is close to completion.  Given the Fifth Circuit's decision to take the appeal, there is now a significant chance that further proceedings in this Court could be rendered unnecessary by the Fifth Circuit's decision on the controlling question presented on appeal.  Moreover, a stay entered now will be considerably shorter in duration than the one Defendants proposed earlier this year given the progress of the interlocutory appeal since January.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court stay further proceedings in this case pending the Fifth Circuit's decision on Defendants' interlocutory appeal.

November 23, 2015

OF COUNSEL:

Paul J. Ondrasik, Jr. (*pro hac vice*)
Morgan D. Hodgson (*pro hac vice*)
Eric G. Serron (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
Office: (202) 429-3000
Fax:  (202) 429-3902
E-mail: pondrasik@steptoe.com
         mhodgson@steptoe.com
         eserron@steptoe.com


Daryl A Libow (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue N.W.
Washington, DC 20006-5805
Office:  (202) 956-7500
E-mail: libowd@sullcrom.com


Richard C. Pepperman, II (*pro hac vice*)
Marc De Leeuw (*pro hac vice*)
M. David Possick
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Office:  (212) 558-4000
Email: peppermanr@sullcrom.com
         deleeuwm@sullcrom.com
         possickmd@sullcrom.com

Respectfully submitted,

/s/ *Thomas W. Taylor*_____
 Thomas W. Taylor
 Texas State Bar No. 19723875
 S.D. Tex. Bar No. 3906
 ANDREWS KURTH LLP
 600 Travis, Suite 4200
 Houston, TX 77002
 Office:  (713) 220-4200
 Fax:  (713) 220-4285
 E-mail: ttaylor@andrewskurth.com

*Attorney-in-Charge for Defendants*
*BP Corporation North America, Inc., BP p.l.c.,*
*BP America Inc., BP Corporation North America,*
*Inc.'s Board of Directors, the BP Savings Plan*
*Investment Oversight Committee, Lord John*
*Browne, Stephanie C. Moore, Gregory T.*
*Williamson, Thomas L. Taylor, Neil Shaw, Brian*
*D. Smith, Stephen J. Riney, Robert A. Malone,*
*Jeanne M. Johns, Anthony Hayward, Lamar*
*McKay, Patrick Gower, James Dupree, Richard J.*
*Dorazil, Corey Correnti, Marvin L. Damsma, and*
*Patricia H. Miller*

## CERTIFICATE OF CONFERENCE

I certify that under Local Civil Rule 7.1 counsel for Defendants Morgan Hodgson conferred with Plaintiffs' counsel Arvind Khurana by telephone on November 10 and 13, 2015 to seek Plaintiffs' concurrence with the instant motion.  Plaintiffs, through counsel, have stated that they oppose the motion.

*s/Morgan D. Hodgson*
Morgan D. Hodgson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served by electronic CM/ECF filing, on this 23rd day of November, 2015.

*s/Thomas W. Taylor*
Thomas W. Taylor