United States District Court
Southern District of Texas
**ENTERED**
January 14, 2016
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE: BP P.L.C. SECURITIES LITIGATION | MDL No. 4:10-MD-2185 |
| This document relates to: IN RE: BP ERISA LITIGATION | Civil Action No. 4:10-cv-4214 Honorable Keith P. Ellison |

**MEMORANDUM AND ORDER**

Before the Court is Defendants' Renewed Motion for Stay of Proceedings.

**I. PROCEDURAL HISTORY**

On January 15, 2015, this Court granted in part Plaintiffs' motion for leave to amend their complaint. Defendants subsequently filed motions to (i) certify the January 15th decision for interlocutory appeal, which this Court granted and the Fifth Circuit accepted,[1] and (ii) stay further proceedings pending the appeal, which this Court denied.[2] Defendants' appeal of the January 15th decision is still pending. Briefing is scheduled to conclude on February 29, 2016.[3]

As Defendants' interlocutory appeal began to wend its way through the appellate process, Defendants filed a motion in this Court seeking a partial dismissal of Plaintiffs' First Amended Consolidated ERISA Complaint ("FAC"). The Court granted Defendants' motion on October 30, 2015, substantially narrowing Plaintiffs' "Count I" claims, and dismissing their "Count II" claims entirely. Plaintiffs' only remaining claims are: (i) that Lamar McKay, Neil Shaw, and

---

[1] *See Whitley v. BP P.L.C.*, No. 15-20282, Do. 00513050363 (5th Cir. May 20, 2015).

[2] (Dkt. 178.) Defendants did not appeal this Court's denial of their motion to stay further proceedings.

[3] (*See* Dkt. 220.)

1

James Dupree[4] (the "Remaining Insider Defendants") violated ERISA's duty of prudence; and (ii) that the Remaining Insider Defendants violated ERISA's duty of loyalty.[5]  Defendants now renew their request, initially made on January 30, 2015, that the Court exercise its discretion to stay further proceedings in this case pending the Fifth Circuit's decision on Defendants' interlocutory appeal.

## II. LEGAL STANDARD

To determine whether a district court should grant a discretionary stay pending an interlocutory appeal, district courts traditionally employ a four-factor test: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceedings; and (4) [whether] public interest

---

[4] The Court dismissed Plaintiffs' claims against Dupree in its October 30th ruling, but it also granted Plaintiffs leave to re-plead.  They did so in their Second Amended Consolidated ERISA Complaint ("SAC").

[5] There is some confusion amongst the parties regarding the scope of Plaintiffs' remaining prudence claims.  Plaintiffs contend that, in addition to their "prudence claim . . . against the Insider Defendants," Count I of the complaints also alleges a so-called "procedural prudence" claim against each of the SPIOC Defendants.  (*See* Pls.' Resp. 3.)  In other words, Plaintiffs believe that they have asserted prudence claims not only against the Insider Defendants, but against *non*-Insider Defendants as well.  This is incorrect.  Count I of both the FAC and the SAC expressly provides in bold typeface that Count I is alleged only "Against the Insider Defendants and Corporate Defendants."  (Dkt. 213 (SAC at Page 89); Dkt. 172 (FAC at 89).)  Indeed, similar references limiting the scope of Count I can be found throughout both iterations of the complaint.  (*See, e.g.*, FAC ¶ 306 (alleging only that the "Insider Defendants were fiduciaries within the meaning of ERISA"); SAC ¶ 306 (same); FAC ¶ 22 (prefatory allegation describing Count I as being directed at "certain Defendant-fiduciaries," and listing only the Insider Defendants and Corporate Defendants); SAC ¶ 22 (same).)  It was based on these references that, in its October 30th ruling, this Court described Count I as a claim that "[t]he 'Insider Defendants' and 'Corporate Defendants' breached their duties of prudence and loyalty."  (Dkt. 212 (Order at 2).)

[favors a stay]."[6]  Each part of the test must be met.[7]  The movant bears the burden of showing that a stay is justified.[8]

The Fifth Circuit clarified in *Ruiz v. Estelle*, however, that "the movant need not always show a probability of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay."[9]  In other words, if the second, third, and fourth factors of the traditional test weigh *heavily* in favor of granting a stay, then a movant need only show that he has "a substantial case on the merits" to satisfy the first factor.[10]

## II. <u>ANALYSIS</u>

In denying Defendants' initial request in January of 2015, this Court identified several considerations of equity that counseled against staying the proceedings.  Nearly all of those considerations are equally applicable—if not *more* applicable—today than they were a year ago.[11]  Because Defendants have not shown that the balance of equities weighs in their favor,

---

[6] *Arnold v. Garlock, Inc.*, 278 F.3d 426, 439 (5th Cir. 2001).

[7] *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

[8] *Id.*

[9] *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981); *see also Arnold*, 278 F.3d 426, 439 (5th Cir. 2001) (quoting *In re First S. Sav. Assoc.*, 820 F.2d 700, 704 (5th Cir.1987)).  The term "equities" in *Ruiz* refers to the last three factors of the traditional four-factor test.  *Ministry of Oil of the Republic of Iraq v. 1,032,212 Barrels of Crude Oil Aboard the United Kalavrvta*, 2015 WL 851920, at *4 (S.D. Tex. Feb. 26, 2015).

[10] *See Ruiz*, 650 F.2d at 565.

[11] When the Court rejected Defendants' motion for stay in March of 2015, it based its decision primarily on four considerations: (1) the action had been pending for more than four years; (2) due to circumstances beyond their control, Plaintiffs have been unable to move the litigation past the pleadings stage and into discovery; (3) it was uncertain that the Fifth Circuit would agree to hear the appeal; and (4) it was uncertain that the Fifth Circuit would reverse this Court's order on the motion to amend.  Only the third consideration is inapplicable today.

much less *heavily* in their favor, Defendants have failed to meet their burden under *Ruiz*.  The Court therefore denies their Renewed Motion for Stay of Proceedings.

### A. The Balance of Equities

Where, as here, a movant invokes *Ruiz's* "substantial case on the merits" standard,[12] a court should begin its analysis by balancing the three equitable factors of the traditional test.[13]

### (1) Irreparable Injury

Defendants imply that they will suffer irreparable injury because, absent the stay, they will be forced to engage in "expensive discovery practice."[14]  The legal merit of this proposition, however, is dubious.  A court in this district rejected a virtually identical argument in *M.D. v. Perry*, and Defendants have provided no precedent that otherwise suggests that discovery expenses can constitute "irreparable harm" in the context of a motion for stay.[15]

---

[12] Defendants have not attempted to argue that they satisfy the "likely to succeed on the merits" factor of the traditional test, so the Court views their motion solely through the lens of *Ruiz*.

[13] *See Reading & Bates Petroleum Co. v. Musslewhite*, 14 F.3d 271, 275 (5th Cir. 1994) (Smith, J., dissenting) ("We should evaluate these factors in Musslewhite's case, then, by first examining the last three [traditional] factors.").

[14] (Defs.' Br. at 5-6.)

[15] *M.D. v. Perry*, 2011 WL 7047039, at *2 (S.D. Tex. July 21, 2011) ("The prospect of burdensome or expensive discovery alone is not sufficient to demonstrate 'irreparable injury.'"); *see also Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.").  The Court has found two cases that deemed discovery an irreparable injury, but neither court did so based on the burden or expense that discovery presents.  *See Trefny v. Bear Stearns Sec. Corp.*, 243 B.R. 300, 309 (S.D. Tex. 1999) (concluding that forcing a party to participate in discovery would cause the party irreparable harm, but only because doing so would jeopardize the party's right to arbitrate the dispute—not because of the expense of discovery); *see also Weingarten*, 661 F.3d at 913 n. 19 (leaving open the possibility, based on *Trefny*, that discovery of sensitive information or discovery that jeopardizes the right to arbitrate could constitute an irreparable injury).  This alone potentially suggests that Defendants' motion for stay should be denied, *see Arnold*, 278 F.3d at 439 ("each part [of the test] must be met"), but for the sake of thoroughness, the Court will analyze the remaining equities.

Moreover, Defendants' concerns seem somewhat overstated.  As Defendants themselves note, the scope of this case has been "sharply curtailed,"[16] meaning that the scope of potential discovery has been similarly narrowed.  Additionally, Defendants have already agreed to "provide Plaintiffs with access to the document production in the securities class action pending before this Court and the massive production in MDL 2179."[17]  Thus, Defendants have already reviewed and catalogued many of the documents that will be relevant to Plaintiffs' discovery requests.

### (2) Injury to Other Parties Interested in the Proceeding

Defendants argue that granting the stay will not cause substantial harm to any party because "*most* putative class members" seek remedies related to future retirement benefits.[18]  But this seems a tacit acknowledgement that at least *some* putative class members seek remedies related to current retirement benefits, and that those members would be negatively affected by additional delay.[19]  Whether delaying those retirees' potential remedies constitutes "substantial harm" is difficult to say,[20] but at least this much is clear: this equitable factor does not weigh "heavily" in favor of the Defendants.

---

[16] (*See* Defs.' Brief 3.)

[17] (*See* Defs.' Brief 3-4.)

[18] (Defs.' Brief at 6 (emphasis added).)

[19] *Cf. Arnold*, 278 F.3d at 441 ("What is certain is that delay where plaintiffs have mesothelioma, asbestosis, or pleural disease, or where decedents' survivors await compensation for support substantially harms those parties.").

[20] For example, it is unclear how long the Fifth Circuit will take to rule on Defendants' appeal.  Moreover, it is unclear how many class members seek remedies related to current retirement benefits, the extent to which they rely on those retirement benefits, and the extent to which this litigation will affect those retirement benefits.

### (3) Public Interest

Defendants argue that a stay would serve the public interest by "promoting judicial efficiency and avoiding needless expenditure of resources."[21]   While promoting judicial efficiency undoubtedly serves the public interest in the abstract, it is unclear how Defendants think this concern is particularly applicable to the analysis here—they provide no citation or elaboration in support of their argument.   Indeed, judicial efficiency concerns will always be implicated by the prospect of denying a stay—allowing a district court and a court of appeals to proceed in parallel means that the district court might do more work than is necessary.   But those concerns bear particularly little relevance here.   The parties are now entering the discovery phase of the litigation, which typically requires relatively minimal court involvement.   The risk of unnecessarily expending substantial public resources during the pendency of the interlocutory appeal is low.

### (B) Substantial Case on the Merits

*Ruiz* imposes two primary requirements on parties that move for a stay of proceedings: (1) "show that the balance of the equities weighs heavily in favor of granting a stay," and (2) "present a substantial case on the merits [involving] a serious legal question."[22]   Defendants have failed to meet the first requirement, so it is unnecessary for the Court to address the second.[23]

---

[21] (Defs.' Brief at 6.)

[22] *Ruiz*, 650 F.2d at 565.

[23] *Id.*

### III. <u>CONCLUSION</u>

After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court holds that Defendants' Renewed Motion for Stay of Proceedings is **DENIED** in its entirety.

**IT IS SO ORDERED**.

Signed this 14th day of January 2016.

_____
Hon. Keith P. Ellison
United States District Judge