IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:  BP ERISA LITIGATION | Civil Action No. 4:10-cv-4214 |
| | Honorable Keith P. Ellison |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT**

Plaintiffs respectfully file this Response in Opposition to Defendants' Motion for Entry of Judgment (Dkt. 226) and in support would respectfully show the Court as follows:

In its decision, the Fifth Circuit clarified the standards of *Fifth Third Bank v. Dudenhoeffer*, 134 S. Ct. 2459 (2014), explaining, "Under the Supreme Court's formulation, the plaintiff bears the significant burden of proposing an alternative course of action so clearly beneficial that a prudent fiduciary *could not conclude* that it would be more likely to harm the fund than to help it."  *Whitley v BP, P.L.C.*, No. 15-20282, 2016 U.S. App. LEXIS 17501, at *13 (5th Cir Sept. 26, 2016).

    A.    **An Expert Assessment Will Show There Would Not Have Been More Harm than Good**

Based on the Fifth Circuit's decision and other post-*Dudenhoeffer* developments discussed below, Plaintiffs engaged an expert to evaluate the financial impact of the alternative courses of action available to the BP fiduciaries.  The expert is conducting, and shortly will conclude, an event study methodology that analyzes public disclosures regarding safety and accidents.  The study examines how making earlier disclosures regarding BP's failure to

implement OMS would have impacted the BP Stock Fund and whether more harm than good would result from making such an early disclosure.

Preliminary findings by the expert suggest that had there been an earlier disclosure, the impact on the Stock Fund would have been minimal. Based on the preliminary findings, investors in BP ADSs appear to be more concerned (and there is more impact on share price) when the disclosures concern company profits or production as contrasted to safety. Moreover, the BP Employee Savings Plan held less than 2% of the overall quantity of BP ADSs outstanding. The average daily trading volume of BP ADSs was approximately 230 million shares per day. It follows that actions taken by the fiduciaries of the Plan would have had a minimal impact on the stock price and the Stock Fund overall because the Plan held a relatively small percentage of the float in this heavily-traded stock. In other words, based on these preliminary findings, there would **not** have been more harm than good to the Stock Fund had there been an early disclosure of the safety problems. Accordingly, Plaintiffs submit that if allowed an opportunity to move for leave to amend their complaint based on the expert analysis which would be specific to the facts and circumstances of this case, Plaintiffs will be able to satisfy *Dudenhoeffer*'s pleading requirements as clarified by the Fifth Circuit.

Accordingly, Defendants' motion for entry of judgment is premature. When this Court granted Plaintiffs leave to amend the complaint in 2014, the Court "struggled with the relevant language in *Dudenhoeffer*." *In re BP p.l.c. Sec. Litig.*, MDL No. 10-md-218, 2015 U.S. Dist. LEXIS 27138, at *112 (S.D. Tex. Mar. 4, 2015). The Court recognized that the *Dudenhoeffer* decision was unclear in articulating the "more harm than good" standard for prudence claims based on inside information. *Id.* ("the Court is not sure how to meaningfully deploy either [party's] construction on the face of the pleading."). And in granting Defendants' motion for an

interlocutory appeal in March 2015, the Court recognized that developments in the law likely would shed light on construction of *Dudenhoeffer*. *See* Dkt. 178, Memorandum and Opinion dated March 6, 2015, at 4.

      **B.**      **Developments in the Law Support Granting Leave to Amend**

Since that time there have been numerous developments in the law, including the Supreme Court's January 2016 decision in *Amgen v. Harris*, 136 S. Ct. 758 (2016), and the Second Circuit's decision in *Rinehart v. Lehman Bros. Holdings Inc.*, 817 F.3d 56 (2d Cir. 2016). Several district courts also have issued opinions. The Fifth Circuit's decision recognized that the Supreme Court's *Amgen* decision "clarified" the *Dudenhoeffer* standard. *Whitley v BP, P.L.C.*, No. 15-20282, 2016 U.S. App. LEXIS 17501, at *12 (5th Cir Sept. 26, 2016). In addition, in connection with the interlocutory appeal, the DOL and SEC have for the first time provided their views on the *Dudenhoeffer* requirements, including whether certain alternatives proposed by the Plaintiffs are consistent with the federal securities laws. Accordingly, Plaintiffs submit that it would be equitable to afford Plaintiffs an opportunity to amend their complaint now that we have the benefit of these decisions and governmental views, and likewise the Court will have the benefit and guidance of these decisions and governmental views in ruling on a motion to dismiss.

Notably, several district courts recently dismissed similar claims under *Dudenhoeffer without* prejudice, giving plaintiffs an opportunity to amend the complaint. *See Martone v. Whole Foods Mkt., Inc.*, No. 1:15-CV-877 RP, 2016 U.S. Dist. LEXIS 133703, at *26 (W.D. Tex. Sept. 28, 2016) (relying on Fifth Circuit's decision in *Whitley v. B.P., P.L.C.*, No. 15-20282, in dismissing company stock claims without prejudice); *Jander v. IBM*, Case No. 15cv3781, 2016 U.S. Dist. LEXIS 120638, at *18-*19 (S.D.N.Y. Sep. 7, 2016) (determining that leave to

amend would be appropriate where plaintiff sought to amend with aid of an expert who will perform quantitative analysis to show how participants are harmed).

Plaintiffs further note that the Court issued its decision on Defendants' Partial Motion to Dismiss in October 2015 based on allegations in the First Amended Consolidated Complaint. The order permitting the filing of that complaint has now been reversed by the Fifth Circuit. In the event Plaintiffs decide to appeal rulings in the Court's October 2015 order, there may be a jurisdictional issue as to whether the Court had authority to base its decision on a complaint that the Fifth Circuit has since determined Plaintiffs should not have been granted leave to file. The same issue applies to the Second Amended Consolidated Complaint that was filed in response to the October 2015 order. Allowing Plaintiffs leave to amend the complaint can clear up any confusion based on this sequence of events.

For the foregoing reasons, Defendants' motion for judgment should be denied. Instead, Plaintiffs respectfully request that the Court grant leave for Plaintiffs to file their motion for leave to amend, with a proposed amended complaint, within fifteen (15) days; that Defendants file their response fifteen (15) days thereafter; and Plaintiffs file a reply within seven (7) days. A proposed order is attached as Exhibit A for the Court's consideration.

Respectfully submitted,

| | |
|---|---|
| */s/ Thomas R. Ajamie* | */s/ W. Mark Lanier* |
| Thomas Robert Ajamie | W. Mark Lanier |
| Texas Bar No. 00952400 | Texas Bar No. 11934600 |
| Dona Szak | THE LANIER LAW FIRM |
| Texas Bar No. 19597500 | 6810 FM 1960 West |
| John W. Clay | Houston, Texas 77069 |
| Texas Bar No. 00796366 | Tel: (713) 659-5200 |
| AJAMIE LLP | Fax: (713) 659-2204 |
| 711 Louisiana, Suite 2150 | |
| Houston, TX 77002 | Evan M. Janush *(pro hac vice)* |
| Tel: (713) 860-1600 | THE LANIER LAW FIRM |
| Fax: (713) 860-1699 | 126 East 56th Street, 6th Floor |
| | New York, New York, 10022 |
| *Attorneys for Plaintiff David M. Humphries and Interim Co-Liaison Counsel* | Tel: (212) 860-1600 |
| | Fax: (713) 860-7699 |

*Attorneys for Plaintiffs Charis Moule, Jerry McGuire and Maureen S. Riely and Interim Co-Liaison Counsel*

| | |
|---|---|
| Ronald S. Kravitz | Sanford P. Dumain *(pro hac vice)* |
| Texas Bar No. 00795147 | Arvind B. Khurana *(pro hac vice)* |
| SHEPHERD, FINKELMAN, MILLER | Kristi Stahnke McGregor *(pro hac vice)* |
| & SHAH, LLP | MILBERG LLP |
| One California Street, Suite 900 | One Pennsylvania Plaza |
| San Francisco, CA 94111 | New York, New York 10119 |
| Tel: (415) 429-5272 | Tel: (212) 594-5300 |
| Fax: (866) 300-7367 | Fax: (212) 868-1229 |

*Attorneys for Plaintiff David M. Humphries and Interim Co-Lead Counsel*

*Attorneys for Plaintiffs Charis Moule, Jerry McGuire and Maureen S. Riely and Interim Co-Lead Counsel*

| | |
|---|---|
| Stephen J. Fearon, Jr. *(pro hac vice)* | Robert I. Harwood *(pro hac vice)* |
| SQUITIERI & FEARON LLP | Tanya Korkhov *(pro hac vice)* |
| 32 East 57th Street, 12th Floor | HARWOOD FEFFER LLP |
| New York, New York 10022 | 488 Madison Avenue, Suite 801 |
| Tel: (212) 421-6492 | New York, NY 10022 |
| | Tel: (212) 935-7400 |

*Attorneys for Plaintiffs Ralph Whitley and Frankie Ramirez and Interim Counsel -- Executive Committee*

*Attorneys for Plaintiffs Charis Moule, Jerry McGuire and Maureen S. Riely and Interim Counsel -- Executive Committee*

Thomas J. McKenna (*pro hac vice*)
Gregory M. Egleston *(pro hac vice)*
GAINEY MCKENNA & EGLESTON
440 Park Avenue South, 5th Floor
New York, NY 10016
Tel: (212) 983-1300

*Attorneys for Plaintiffs Ralph Whitley*
*And Thomas P. Soesman*

| | |
|---|---|
| Edwin J. Mills | Robert A. Izard (*pro hac vice*) |
| Michael J. Klein | IZARD NOBEL LLP |
| STULL STULL & BRODY | 29 South Main Street Suite 215 |
| 6 East 45th Street | West Hartford, CT 06107 |
| New York, NY 10017 | Tel: (860) 493-6292 |
| Tel: (212) 687-7230 | Fax: (860) 493-6290 |
| | |
| *Attorneys for Plaintiff Edward Mineman* | *Attorneys for Plaintiff Arshadullah Syed* |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiffs' Opposition to Defendants' Motion for Entry of Judgment was served upon counsel of record for the parties through the Court's ECF system on November 5, 2016.

>                        */s/ Dona Szak*